UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  05-10014-WGY |
| | ) | |
| MOHAMED BAHRAOUI | ) | |
| _____ | ) | |

## **OPPOSITION TO MOTION TO DISMISS**

NOW COMES the United States and respectfully requests this Court DENY Defendant's Motion to Dismiss.  Defendant's motion is without merit.

As reasons therefore, the United States states the following:

1. The Defendant was detained pursuant to civil Immigration Removal proceedings, and thus the procedural requirements of Federal Rule of Criminal Procedure 5(a) and the Speedy Trial Act, 18 U.S.C. §§3161 *et seq*. do not apply to the Defendant's civil custody for immigration matters.

2. Defendant is not a previously-deported alien and the line of cases pursuant to prosecutions under 8 U.S.C. §1326 to which he cites are wholly inapplicable to the instant scenario.

3. ICE detained Defendant for the purpose of Removal proceedings rather as proxy for criminal prosecution. Defendant has failed to make a *prima facie* showing of a collusive government effort to have defendant detained for purposes of criminal prosecution.

**WHEREFORE**, the United States respectfully submits that Defendant's motion be **DENIED**.

## I. RELEVANT FACTS

On January 10, 2003, Defendant/Respondent (hereinafter, "Defendant") was issued a Notice to Appear before the Executive Office of Immigration Review ("Immigration Court") in order to address civil allegations that he had overstayed his tourist visa in 1999 in violation of Section 237(a)(1)(B) of the Immigration and Naturalization Act. According to records of the Immigration and Customs Enforcement (ICE), Defendant received the Notice to Appear on January 10, 2003, and the same was sent for filing with the Immigration Court on January 22, 2003 to commence civil Removal Proceedings in the Immigration Court. (See Exhibit A - Notice to Appear and Record of Action) Defendant was not detained at that time. As previously described to the Court, on October 29, 2004, Defendant was served with a warrant for his arrest issued by ICE for civil Removal proceedings (See Exhibit B - Report and Warrant of Arrest). On that same date, Immigration and Customs Enforcement (ICE) agents, in their administrative enforcement capacity, determined that Defendant should be detained in their custody for purposes of Removal on the grounds that he was a threat to National Security. The Defendant was arrested pursuant to 8 U.S.C. §1357(a)(2), ICE agents' civil arrest authority. While in the custody of ICE, Defendant exercised his right to request an immigration bond redetermination hearing before an Administrative Law Judge before the Immigration Court, a quasi-judicial agency with no criminal mandate. On November 5, 2004, a hearing was held before that tribunal, and the Judge made a determination that no bond was appropriate for the Removal proceedings. Even accepting Counsel's summary transcription of those proceedings, the Judge explained the national security rationale for Defendant's continued detention, and did not attribute Defendant's detention to the criminal offenses which were under investigation, even

-2-

though they may have been permissible factors to consider. (See Defendant's Motion to

Dismiss, p. 10.) The Defendant was ordered to remain detained in the custody of ICE prior to

final adjudication in Immigration Court removal proceedings. The Immigration Judge's ruling

of custody in the course of the Removal proceedings listed that Defendant was a threat to

National Security at the time. (See Exhibit C - Custody Order in Removal Proceedings)

Defendant was represented by counsel, and was offered an opportunity to appeal the custodial

decision. There is no indication of any collusion of suggestion to ICE or the Immigration Court

that the docketing of Defendant's Immigration proceedings be delayed. Despite an absence of

indication that Defendant was arrested or detained for purpose of Criminal proceedings, the

Government has attempted to determine a more precise reason for the delay in the Immigration

Court's Removal proceedings. The matter had not been scheduled for a Removal proceeding at

the time Defendant's transfer of custody to the Attorney General to address the instant charges.[1]

Regardless of the reason for this delay, evidence does not support any allegation that it arose by

---

[1]On May 5, 2005, the Government spoke with the administrative office of the
Immigration Court as to the reason the Court did not calendar this matter. The Government was
notified that the Notice to Appear described above was rejected by the Immigration Court for an
issue of service, and it was not re-filed after that. This fact appears not to have come to the
attention of the Immigration Court, Defendant or ICE until recently, as they all had been on
notice that the Notice to Appear had been filed. Without this document in the regular course of
administrative affairs, an alien's removal would not routinely be scheduled without motion of
either party. In this case, the Immigration Court had not calendared Defendant's Removal
hearing, despite the Immigration Judge's awareness of the Notice to Appear as reflected in
Counsel's transcript of the bond hearing (See Defendant's Motion to Dismiss, p.8), ICE's record
of transmitting same to the Court and Defendant (See Exhibit D - Record of Action 1/22/03),
ICE's notification to the Immigration Court on November 4, 2004 that Defendant was in custody
and the matter should be rushed (See Exhibit E - Notice to EOIR) and Defendant's
representation by immigration counsel (See Exhibit F - Notice of Appearance). On May 5, 2005,
ICE was, for the first time, notified that the Immigration Court had not received a Notice To
Appear.

a Government scheme, intent, plan or hope of detaining Defendant for purposes of criminal prosecution.

On January 19, 2005, Defendant was indicted by a grand jury for the instant criminal charges pertaining to false representations of citizenship, social security card and employment eligibility, matters separate and distinct from the immigration Removal proceedings.  (See Exhibit G - Indictment).  On January 27, 2005, Defendant was brought into the custody of the Attorney General and made his initial appearance before this Court.  At that time, Defendant's rights under the U.S. Constitution, the Speedy Trial Act, and Rule 5 were triggered..

## ARGUMENT

I.      **Federal Rule of Criminal Procedure 5(a) and the Speedy Trial Act, 18 U.S.C. §§3161 *et seq*. do not apply to the Defendant's custody in Immigration and Customs Enforcement.**

The Defendant's rights to a speedy trial and initial appearance, as constitutionally expounded were not violated.  Here, Defendant was arrested pursuant to the civil authority which Immigrations and Customs Enforcement (ICE) Agents have to enforce the immigration laws.  8 U.S.C. §1357(a)(2).  When a person is charged with a civil immigration violation, Federal Rule of Criminal Procedure 5(a) and the Speedy Trial Act, 18 U.S.C. §§3161 *et seq*. do not apply. *Abel v. United States*, 362 U.S. 217, 237 (1960)(stating "According to the uniform decisions of this Court deportation procedures are not subject to the constitutional safeguards for criminal prosecutions."); *see also United States v. Alvarez-Sanchez*, 511 U.S. 350 (1994); *compare United States v. Encarnacion*, 59 F.Supp.2d 151 (D. Puerto Rico 1999).

In *United States v. Alvarez-Sanchez*, 511 U.S. 350, 358 (1994), the Supreme Court stated:

[T]here can be no `delay' in bringing a person before a federal magistrate [under Rule 5(a)] until, at a minimum, there is some obligation to bring the person before

such a judicial officer in the first place. Plainly, a duty to present a person to a
federal magistrate does not arise until the person has been arrested for a federal
offense.

The case at bar falls directly within the above language of the Supreme Court conditioning the

Rule 5(a) obligation upon an arrest for a federal criminal offense. Here, Defendant was not

arrested for a federal criminal offense until after he was indicted on January 19, 2005. Notably,

the Supreme Court in *Alvarez-Sanchez* did not find a Rule 5(a) obligation to arise as soon as a

criminal arrest for an federal offense <u>could</u> have occurred. Thus, it is not relevant to the Rule

5(a) issue before this Court that the government could have arrested Defendant criminally at the

time (October 29, 2004), when he was administratively arrested by ICE.

This Court in *Cabral* accepted *Alvarez-Sanchez*, which involved state and federal

criminal charges, as applying in the civil/criminal context presented by unlawful reentry cases,

stating that:

> [A]s long as a person is arrested and held only on state charges -- or only on civil
> charges -- the provisions of Rule 5(a) and §1357(a)(4) requiring a prompt
> appearance before a magistrate judge do not apply. This is true even when the
> arresting officer believes that the person arrested may have also violated federal
> criminal law, perhaps by the same conduct that caused his arrest on state or civil
> charges.

*United States v. Cabral*, Criminal No. 98-10188-MLW*, slip op.*, at 16 (April 10, 2000)(Wolf, J.)

Defendant's arrest on October 29, 2004 by ICE also falls squarely within this Court's

language in *Cabral*. Defendant was arrested only on a civil charge, as indicated in the Report

and Warrant of Arrest - Exhibit B**.** He was held under the only legal authority ICE has to detain

aliens: to effect the deportation/removal of illegal aliens from this country. *See Phan v. Reno*, 56

F. Supp. 2d 1149, 1156 (W.D. Wash. 1999); *Cabral, slip op.*, at 18. Concededly, at the time of

Defendant's arrest, the Government believed he was a threat to National Security. But as this

-5-

Court recognized and stated in *Cabral*, such a belief is irrelevant when the arrest and detention are based on civil charges.   Moreover, the instant criminal charges are distinct from either the civil immigration overstay, or from the threatening speech in which he engaged.

Contrary to the case in *Cabral*, in the instant case, ICE could not make a unilateral administrative redetermination of Defendant's order of removal, because he had not previously been deported.  Defendant's argument that as in cases of illegal re-entry, ICE should have obtained a travel document from the Morroccan authorities is misplaced, and certainly would have been presumptuous about the defendant's deportation.  Moreover, ICE had expressed the intention and had taken steps to accomplish Defendant's removal, by serving the Defendant notice of the same, sending a Notice to Appear to the Immigration Court, prosecuting a bond hearing for Removal proceedings in that court, and providing the Immigration Court with a "Rush" notice to process Defendant's case because he was in custody.  While the Government concedes that bureaucratic error between the Immigration Court and ICE regarding the Notice to Appear and calendaring the Removal case left the defendant without a hearing, such a ministerial error did not transform his custody status into criminal detention, nor did it trigger his speedy trial rights.  In fact, having counsel, he too could have simply brought his immigration case forward, as his immigration counsel suggested he intended to do, by requesting either withholding of deportation and/or voluntary departure. (See Defendant's Motion to Dismiss, p. 8.)  In fact, Defendant neither appealed the custodial decision, nor took action on either of those alternatives.  Moreover, ICE indicates that it is not atypical that a respondent in Removal proceedings would remain in custody prior to a final hearing for a few months, and during the timing of Defendant's ICE detention, including an extended absence by the Immigration Judge

-6-

and the winter holidays, the Immigration Court may have neglected to press the matter with ICE.

Regardless, the defendant was indicted in the meantime, and the administrative delay in having a

hearing scheduled in the civil Removal proceedings, while regrettable, does not affect his rights

or process in this criminal matter.[2]

## II.     Defendant Citation to Illegal Re-entry cases is inapt

Defendant's reliance on a line of cases involving illegal re-entry is inapt.  *See United*

*States v. Restrepo*, 59 F.Supp.2d 133 (D. Mass 1999)(J.Wolf); *also United States v. Okuda*, 675

F.Supp. 1552, 1554 (D. Haw. 1987).  The concerns in those District Court cases were about the

abrogation of Speedy Trial rights, and that a Defendant's Substantive Due Process rights may be

infringed if a civil arrest is being used as a proxy for the commencement of criminal

proceedings.  In *Restrepo*, the Court wrote:

> In view of the foregoing, this court concludes that while a civil detention by the INS
> alone does not necessarily trigger the Speedy Trial Act, where that period of detention is
> used primarily or exclusively to dvelop criminal charges involving the conduct on which
> the civil arrest was based, the time limit established by the Speedy Trial Act begins
> running on the date of the civil arrest.  In essence, the INS has an obligation to act with
> all deliberate speed to remove from the United States a detained alien who has been
> finally determined to be deportable.  Therefore, the Speedy Trial Act is triggered by an
> INS arrest whenever the INS detains an alien longer than is necessary to effect
> deportation in order to facilitate preparation of a criminal case against him relating to the
> conduct for which he was arrested civilly.

*Restrepo*, at 138.

Even under this construction of the law, speedy trial rights as applied in criminal cases do

not exist when the Defendant, (1) is not detained by ICE for the same operative facts giving rise

---

[2]Defendant cites to 8 U.S.C. §1226(a) as the applicable statute to the Immigration removal hearings when an alien is detained as a threat to national security.  To the contrary, the Alien Terrorist Removal statute is found at 8 U.S.C. §1226a, and was not invoked in this case. Moreover, Defendant was not in the custody of the Attorney General until post-indictment.

to a violation of the criminal laws as in a section 1326 case, (2) there has been no previous adjudication of removal and (3) there is no evidence of collusion to request immigration detention in order to benefit a potential criminal case. *See Cabral* at 16-18. The distinction is readily apparent when considering the fact patterns pertaining to the Defendant's cited litany of re-entry cases: (1) ICE has much more legal discretion in terms of when and where to move the corpus, (2) the factual basis for the criminal and the administrative proceedings are virtually identical, and (3) expediting a deportation is diemetrically at odds with effectuating a criminal prosecution. In this case, by stark contrast, ICE was awaiting a calendar notice from the separate and detached Immigration Court, the factual basis for the two proceedings are unrelated, and deportation is being sought at the conclusion of both proceedings.[3]

Even if the re-entry line of cases were applicable in a case in which the criminal charges are distinct from the civil offense which is the basis for detention, ICE has changed its procedures since that time, so as to address and alleviate the concerns raised by the Court, and both criminal and immigration prosecutors are aware of these concerns. *See E.g. Limitations on the Detention Authority of the Immigration and Naturalization Service, Memorandum of the Department of Justice Office of Legal Counsel to the Deputy Attorney General*, February 20, 2003 (stating "...[ICE] has taken the position...that it does not have the power to detain aliens for any purpose other than the effectuation of removal").

---

[3]It bears noting that a stipulated order of deportation was sought by the Government in the criminal matter, with the assent of ICE, but the Defendant reconsidered his willingness to so move.

**III.     The Government did not collude to detain the defendant in order to prosecute criminally or move for a "stay" to Removal proceedings**

ICE's civil custody of Defendant was not for purposes of colluding with criminal investigators in order to substantiate the criminal case. Indeed, in this case, a neutral and detached custodial re-determination was made by the Immigration Court shortly after Defendant's civil arrest, and as counsel points out, much of the evidence necessary to prosecute for the unrelated, instant charges, was already available. Merely because probable cause existed that Defendant had committed crimes in addition to his civil offense of overstaying his visa, investigating officers were neither compelled, nor did they arrest Defendant for them. *See United States v. Alvarez-Sanchez*, 511 U.S. U.S. 350, 358 (1994). There is no evidence of collusion or other influence over the Immigration Court, or ICE, to keep Defendant detained in order to prosecute him at a later date for unrelated charges. Given this factual underpinning, Defendant's version of the law would transfer blanket Speedy Trial protections to every alien who is civilly arrested and for whom ICE authorities have indication, or even probable cause, to believe they have committed virtually any crime.

Defendant's ambitious theory relies on the fact that because the Defendant could have been prosecuted criminally at the time of his arrest, and because ICE believed that he was a threat to National Security that, *ipso facto*, he was detained for violation of the federal criminal law. However, although those facts may provide the circumstances in which federal criminal detention could be used in lieu of civil proceedings, without an allegation of such feasance, corroboration of same, or prejudice to the defendant in a criminal proceeding, this motion must fail.

Although the Government could have commenced criminal proceedings prior to

indictment, either tacitly or directly, it did not.  In *United States v. Marion*, 404 U.S. 307 (1971), the Supreme Court outlined two important aspects of executive discretion. First,  the *Marion* Court concluded that where Congress has lawfully permitted the Executive discretion to act, it is only constitutional limitations that confine that discretion.  That is, the issue in *Marion* was not whether the government could have prosecuted at an earlier time, or whether an adequate reason existed for the delay.  The only issue was whether the defendants' constitutional rights were abridged.  The same limitations on this Court's authority exist in this case.  The question is not whether the government could have prosecuted Defendant prior to January 19th, 2005, but whether the constitution requires that it have done so.

Second, the *Marion* Court recognized, in rejecting a pre-indictment speedy trial right, the dangers of examining the issue of when the government could have begun prosecution.  The Court stated:

> To recognize a general speedy trial right commencing as of the time arrest or charging was possible would have unfortunate consequences for the operation of the criminal justice system.  Allowing inquiry into when the police could have arrested or when the prosecutor could have charged would raise difficult problems of proof.  As one court said, "the Court would be engaged in lengthy hearings in every case to determine whether or not the prosecuting authorities had proceeded diligently or otherwise."

*Marion*, 404 U.S. at 321, n.13, *quoting*, *United States v. Port*, Crim. No. 33162 (N.D. Cal. June 2, 1952).  Besides the proof problems that would accompany any such inquiry, the *Marion* Court also recognized the dangers of intruding on the Executive's exercise of its discretion in commencing criminal prosecutions. Id. at 325, n. 18.

As the cited summary of the Immigration hearing indicates, Defendant was not determined to be a National Security risk on the basis of the fact that he possessed a fraudulent

social security card or that he misrepresented on a mortgage application that he was a U.S.

citizen.  Similarly, there is no evidence that he was arrested and detained exclusively or

primarily for the purpose of prosecuting Defendant for the criminal offenses unrelated to his

overstay visa status.  *See United States v. Encarnacion* at 159; *United States v. Cepeda-Luna*,

989 F.2d 353, 355 (9th Cir. 1993)(stating "The fact that criminal authorities may have played

some role in [Defendant's] initial detention does not necessarily mandate the application of the

Speedy Trial act to civil detentions.")

     Without a showing that the Immigration detention was a proxy for criminal detention,

Defendant's Due Process argument fails.  *Id.*  Regardless, the Supreme Court in *United States v.*

*Lovasco*, 431 U.S. 783 (1977), addressed the issue of a due process violation for pre-indictment

prosecutorial delay, albeit in a different context.  The *Lovasco* Court concluded: "We would be

most reluctant to adopt a rule which would have [the above consequences, as well as others]

absent a clear constitutional command to do so.  We can find no such command in the Due

Process Clause of the Fifth Amendment."[4]  *Lovasco*, 431 U.S. at795.  "Rather than deviating

from elementary standards of `fair play and decency,' a prosecutor abides by them if he refuses

to seek indictments until he is completely satisfied that he should prosecute and will be

able promptly to establish guilt beyond a reasonable doubt."  *Id.*

     In this case, Defendant claims a prejudice to his criminal case, but does not demonstrate

one save his ability to request voluntary deportation to avoid addressing the criminal charges

---

[4]The *Lovasco* Court distinguished between investigative delay and delay undertaken by
the government solely to gain tactical advantage over the accused.  *Lovasco*, 431 U.S. at 795.
Here, where there is no such prejudice, there can be no suggestion that holding Defendant in ICE
custody was for purposes of gaining a tactical advantage over him for criminal charges which
were consummated years prior.

when they were ultimately handed up. Even if this were true, this is hardly a prejudice as to the

merits of the criminal offenses.  There has been no showing that a delay in Defendant's

immigration proceedings was tantamount to commencement of criminal proceedings, nor has he

shown prejudice by the delay to his rights under criminal law, and consequently he cannot be

entitled to relief.[5] *United States v. Cepeda-Luna*, 989 F.2d 353, 355 (9th Cir. 1993)


## IV.     CONCLUSION

**WHEREFORE**, for the reasons stated above, the United States respectfully requests this

Court **DENY**, the Motion to Dismiss.


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


 /s/ Aloke S. Chakravarty
ALOKE S. CHAKRAVARTY
Assistant U.S. Attorney
617-748-3658

DATE: May 5, 2005

---

[5]If the Court were to find a basis for relief in this matter, the court in *Encarnacion* posited that improper ICE detention would merit alternate remedies, such as providing credit for time-served in ICE custody (as proposed in the underlying District Court case in *United States v. Cepeda-Luna*, 781 F.Supp. 684, 687 (D. Or. 1991)), or suppression of evidence gleaned as a fruit of the unlawful delay as in *United States v. Valente*, 155 F. Supp. 577 (D. Mass 1957).  *United States v. Encarnacion*, 56 F.Supp.2d 151 (D. Puerto Rico 1991).

-12-

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____

(Signature of Respondent)

Before _____

Date _____

(Signature and Title of INS Officer)

### Certificate of Service

This Notice to Appear was served on the respondent by me on **January 10, 2003**, in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act: CC : Atty. Antonio Sambrano

[X] in person          [ ] by certified mail, return receipt requested          [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the ___English___ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

DENISE QUEALLY
SPECIAL AGENT
(Signature and Title of Officer)

Form I-862 (Rev. 12/99)

05/02/2005 10

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A079 680 496
Case No: BOS0301000735

In the Matter of:

Respondent: **Mohamed BAHRAOUI**                    currently residing at:

21 THORNTON STREET, APT. 1
REVERE MASSACHUSETTS 02151
<span>(Number, street, city state and ZIP code)</span>                    **(781)485-1601**
<span>(Area code and phone number)</span>

☐ 1. You are an arriving alien

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1) You are not a citizen or national of the United States;

2) You are a native of MOROCCO and a citizen of MOROCCO;

3) You were admitted to the United States at New York, New York, on or about March 7, 1999 as a nonimmigrant visitor for pleasure with authorization to remain in the United States for a temporary period not to exceed September 6, 1999;

4) You remained in the United States beyond September 6, 1999 without authorization from the Immigration and Naturalization Service.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
JFK Federal Building 15 Sudbury Street Room 320 Boston MASSACHUSETTS US 02203
<span>(Complete Address of Immigration Court, Including Room Number, if any)</span>

on **a date to be set** _____ at **a time to be set** to show why you should not be removed from the United States based on the
<span>(Date)</span>                    <span>(Time)</span>
charge(s) set forth above.

KEVIN MORRISSEY
ACTING ADDI
<span>(Signature and Title of Issuing Officer)</span>

Date: **January 10, 2003**

**Boston, Massachusetts**
<span>(City and State)</span>

**See reverse for important information**

Form I-862 (Rev. 3/

FILE COPY

## ICE Significant Incident Report

### THIS IS A DRAFT

| | | |
|---|---|---|
| Incident Date: 10/29/2004 | Incident Time: 2100 EST - Eastern Standard Time (GMT-5hrs) | Incident Location: 21 Thorton Bahraaoui, APT 1, Revere, Massachusetts Suffolk County |
| ICE Component: Investigations | Division: Division 1 - National Security Investigations Division | Area: National Security & Threat Protection Unit |
| Case Number: A79 680 496 | Office: BO - BOSTON, MA - SAC | Lead Agency: B - DHS / ICE |
| SEN Incident Number: 2005SIR0001863 | Initial/Follow-Up: Initial | Event Status: Routine |
| Related SEN Number: | Related Case Number: | SEACATS Number: |
| Intel Number: | ENFORCE Number: FINS 12786970 | |

| Employee | Operational | Security | Other |
|---|---|---|---|
| ☐ Shots Fired At Employee | ☐ Air/Marine Incidents | ☑ National Security Interest | ☐ Escape |
| ☐ Shots Fired By Employee | ☐ Controlled Delivery | ☐ Facility Disturbance | ☐ Suicide Attempt |
| ☐ Employee Assaulted | ☐ Significant Seizure | ☐ Terrorism Related | ☐ Hunger Strike |
| ☐ Employee Death | ☐ Significant Arrest | ☑ Bomb Threat/Suspicious Activity | ☐ Media Interest |
| ☐ Employee Injured | ☐ Rescue | ☐ Foreign Military/Police Incursion | ☐ Alien Injury/Death |
| ☐ Employee Arrested | ☐ Weapon Violations | ☐ WMD/HAZMAT | ☐ Vehicle Incidents |
| | ☐ Other Agency Interest | ☐ Demonstrations | ☐ Other |
| | | | ☐ Predator |

| | | | |
|---|---|---|---|
| Principal Subject: Person | Last Name: BAHRAOUI | First Name: Hohamed | Alien ID: A79 680 496 |

### Narrative

Report Title: Threat of Terrorist Act and ICE Administrative Arrest

On 10/22/2004, FBI-JTTF-BO received a complaint regarding captioned subject MOHAMED BAHRAOUI in regards to an alleged bomb threat - terrorist act. Namely, the reproting complainant stated that captioned subject recently denounced the United States and President Bush. Furthermore, captioned subject recently made overt statements to a third party associate stating that "he has a higher purpose and is on a mission". According to the complainant subject stated to the third party that "if he received a phone call he would strap on a bomb and would go to the Prudential Center". The Prudential Center is a highrise business office complex located in Boston, MA. The complainant further reported that subject was in the United States illgally and was in possession of a fraudulent Social Security Card and Passport.

Upon receipt of the aforementioned FBI complaint (FD-71), SAC-BO-NSU in conjunction with the FBI-JTTF-BO (CT-1) initiated a preliminary threat assessment and logical investigation regarding the threat allegations and any potential administrative violations relating to subject's immigration status.

On 10/29/2004 the FBI-JTTF identified captioned subject as; MOHAMED BAHRAOUI, DOB 06/04/1971, A79 680 496, a citizen and native of Morocco who last entered the United on 03/07/1999 at New York, NY as a B-2 non-immigrant visitor for pleasure with (I-94) Entry record number; 65237906305. Subject utilized Moroccon Passport Number; K601624 with Visa Foil Number; 25540905. Immigration indices reflect that captioned subject was encountered on 01/10/2003 at ICE-SAC-BO during the NSEERS registration initiative. On this same date subject was issued and served a NTA for adminstrative immigration status violations, to wit; INA section 237(a)(1)(B) "overstay". Subject was released on OR pending future removal proceedings. Alien Registration File, A79 680 496 reflects that the NTA was sent to E.O.I.R on 01/22/2003.

On 10/29/2004, ICE in conconsultation with ICE Litigation and DRO made a a
redetermination on subject's custody status in that subject if located was to be held
without bail pending further removal proceedings.

On this same date at approximately 2100 hrs captioned subject was located and arrested
without incident in South Boston by ICE and FBI agents; case officers SA Paul Melican and
SA Craig Ring (FBI) transported subject to ICE-SAC-BO where he was debriefed and
interviewed regarding the threat and fraud allegations.

Subject was served warrant fo arrest and (I-286) Notice of Custody Determination   Subject
Transported to Suffolk Country Sherif facility, South Bay, Boston, MA.

Violations of Law: Section 237(a)(1)(B) of the INA

Action Taken:   Conduct Logical Investigation, Threat Assessment, Locate, Arrest, and
                Interviewed. Held Without Bail/Bond Pending Removal Proceedings.

Other Agencies Notified:

| Name | Agency | Phone | Date | Time |
|------|--------|-------|------|------|
| Craig Ring | A - FBI / NCIC | (617) | 10/29/2004 | 1400 EST |

Injuries:       Injuries (Names and Extent of N/A
Fatalities:                 Injury):
Damage:

Hospital        N/A
Narrative:

Hospital Address: N/A

Reported to ICE Operations Center via Phone:

Public Affairs Notified: No - Without comments
Comments:

| Reported By: Richard Deasy | Phone: (617) 565-4795 | Cell/Pager: 617-799-6254 |
|---|---|---|
| Supervisor: Kevin Jarvis | Phone: (617) 828-4574 | Cell/Pager: (617) 828-4574 |

U.S. Department of Justice

Immigration and Naturalization Service

# Warrant for Arrest of Alien

Case No: BOS0301000735

File No. A079 680 496

Date: October 29, 2004

**To any officer of the Immigration and Naturalization Service delegated authority pursuant to section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

Mohamed BAHRAOUI
(Full name of alien)

an alien who entered the United States at or near New York, New York ____ on
(Port)

March 7, 1999 ____ is within the country in violation of the immigration laws and is
(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

(Signature of authorized INS official)

CHERYL BASSETT
(Print name of official)

SUPERVISORY SPECIAL AGENT
(Title)

## Certificate of Service

Served by me at Boston, Massachusetts ____ on October 29, 2004 ____ at 06:00 PM ____.

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

RICHARD DEASY
(Signature of officer serving warrant)

SPECIAL AGENT
(Title of officer serving warrant)

Form I-200 (Rev. 4-1-97)

U.S. Department of Justice
Immigration and Naturalization Service

## Notice of Custody Determination

Mohamed BAHRAOUI

21 THORNTON STREET, APT. 1
REVERE, MA 02151

Case No: BOS0301000735
File No: A079 680 496

Date: 01/10/2003

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

    ☒ detained in the custody of this Service.
    ☐ released under bond in the amount of $_____
    ☐ released on your own recognizance.

☒ You may request a review of this determination by an immigration judge.
☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

CHERYL BASSETT
(Signature of authorized officer)

SUPERVISORY SPECIAL AGENT
(Title of authorized officer)

Boston, Massachusetts
(INS office location)

☒ I do ☒ do not request a redetermination of this custody decision by an immigration judge
☒ I acknowledge receipt of this notification.

_____
(Signature of respondent)

10/29/04
(Date)

## RESULT OF CUSTODY REDETERMINATION

On _____ custody status/conditions for release were reconsidered by

☐ Immigration Judge    ☐ District Director    ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are
☐ No change - Original determination upheld.    ☐ Release-Order of Recognizance
☐ Detain in custody of this Service.    ☐ Release-Personal Recognizance
☐ Bond amount reset to _____    ☐ Other: _____

_____
(Signature of officer)

Form

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203-0002

In the Matter of:
BAHRAOUI, MOHAMED

Case No   A79-680-496

Docket  BOSTON  MASSACHUSETTS

RESPONDENT

IN REMOVAL PROCEEDINGS

CUSTODY ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. Part 236 and having considered the representations of the Immigration and Naturalization Service and the respondent, it is HEREBY ORDERED that:

*the bond remains at no bond;*

*the Court finds the respondent is*

*a threat to National Security*

*at this time.*

Patricia Sheppard
PATRICIA SHEPPARD
Immigration Judge
Date:  Nov 5, 2004

Appeal:  (RESERVED)  (A/I/B)
Appeal Due By:  Dec 6, 2004

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)   PERSONAL SERVICE (P)
TO:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] Alien's ATT/REP  [ ] INS
DATE:  11/5/04     BY:  COURT STAFF
     Attachments  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Form EOIR        Custody - REMOVAL
AEB

Immigration and Naturalization Service                    RECORD OF ACTION

District Office        **BOSTON**

Alien Name
*BAHRAOUI, MOHAMED*                 Alien A-number    *A79-685-496*

Attorney for Alien

Address                                    Telephone Number

| Date: IJ: | ADC: | Action | Disposition |
|---|---|---|---|

*2/3/03  N.T.A. was sent to E.O.I.R. on 1/22/03*

Form I-703

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to EOIR: Alien Address**

---

Date: ___November 4, 2004___

File No: ___A79 680 496___

To:    Office of the Immigration Judge
       Executive Office for Immigration Review
       Boston, MA
       _____

From:  Office of the District Director
       Immigration and Naturalization Service
       Boston, MA

**COPY**

       _____

Respondent: ___BAHRAOUI, Mohamed___

---

**This is to notify you that this respondent is:**

☐ Currently incarcerated by other than INS. A charging document has been served on the respondent and an Immigration Detainer-Notice of Action by the INS (Form I-247) has been filed with the institution shown below. He/she is incarcerated at:

_____
_____
_____

His/her anticipated release date is: _____

☒ Currently detained by INS at: ___Suffolk County House of Corrections___
                                 ___20 Bradston Street; Boston, MA 02116___

☐ Currently detained by INS and transferred this date to a new location: _____

_____

**INS motion for change of venue attached.**   ☐ Yes    ☐ No
☐ Released from INS custody on the following condition(s):

       ☐ Personal Recognizance
       ☐ Order of Recognizance (Form I-220A)
       ☐ Bond in the Amount of $ _____  ☐ Surety bond    ☐ Cash bond
       ☐ Other _____

☐ Upon release from INS custody, the respondent reported his/her address and telephone number will be:

_____
_____
_____

☐ Upon release from INS custody, the respondent was reminded of the requirements contained in section 239(a)(1)(F)(ii) of the Immigration and Nationality Act and was provided with an EOIR change of address form (EOIR-33).

_Cynthia A. Penta_                          Deportation Assistant
(Signature of INS official)                 (Title of INS official)

Cynthia A. Penta                            Boston District Office
(Printed name of INS official)              (Location)

Form I-830 (Rev. 4/1/97)N

# RUSH

### DETAINED AT
### GOVERNMENT EXPENSE

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice to EOIR: Alien Address**

Date: November 4, 2004

File No: A79 680 496

To:    Office of the Immigration Judge
       Executive Office for Immigration Review
       Boston, MA

From:  Office of the District Director
       Immigration and Naturalization Service
       Boston, MA

COPY

Respondent: BAHRAOUI, Mohamed

**This is to notify you that this respondent is:**

☐ Currently incarcerated by other than INS. A charging document has been served on the respondent and an Immigration Detainer-Notice of Action by the INS (Form I-247) has been filed with the institution shown below. He/she is incarcerated at:

His/her anticipated release date is: _____

☒ Currently detained by INS at:  Suffolk County House of Corrections
                                  20 Bradston Street; Boston, MA 02116

☐ Currently detained by INS and transferred this date to a new location: _____

**INS motion for change of venue attached.**   ☐ Yes    ☐ No

☐ Released from INS custody on the following condition(s):
   ☐ Personal Recognizance
   ☐ Order of Recognizance (Form I-220A)
   ☐ Bond in the Amount of $ _____   ☐ Surety bond   ☐ Cash bond
   ☐ Other _____

☐ Upon release from INS custody, the respondent reported his/her address and telephone number will be:

**NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE**
**BEFORE THE IMMIGRATION COURT**
*EXECUTIVE OFFICE FOR IMMIGRATION REVIEW*

| TYPE OF PROCEEDING: | | |
|---|---|---|

☐ Deportation  ☒ Bond Redetermination  ☐ Disciplinary
☐ Removal  ☐ Motion to Reopen/Reconsider
☐ Exclusion  ☐ Rescission

DATE November 5, 2004

ALIEN NUMBER(S) (list lead alien number and all family member alien numbers if applicable)

A 79-680-496

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

| NAME | (First) | (Middle Initial) | (Last) |
|---|---|---|---|
| | Mohamed | | Bahraoui |

| ADDRESS | (Number & Street) | (Apt. No.) | (City) | (State) | (Zip Code) |
|---|---|---|---|---|---|
| | 21 Thornton Street | 1 | Revere | MA | 02151 |

Please check one of the following:

☒ 1.  I am a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), Commonwealth(s), or the District of Columbia:

*Name(s) of Court(s)*              *State Bar No. (if applicable)*

Mass. S.J.C                         BBO# 652205

(Please use space on reverse side to list additional jurisdictions.)

I ☒ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions other than federal courts where I am licensed to practice law.

☐ 2.  I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review (provide name of organization):

☐ 3.  I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 292. (Explain fully on reverse side.)

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Immigration Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID# | TELEPHONE number (Include Area Code) | DATE |
|---|---|---|---|
| *Laure Disario* | | (617) 227-5200 | November 5, 2004 |

| NAME OF ATTORNEY OR REPRESENTATIVE (TYPE OR PRINT) | ADDRESS | ☐ Check here if this is a new address. |
|---|---|---|
| Laure Disario, Esq. | Law Office of Antonio Sambrano 197 Portland Street Boston, MA 02114 | |

**Certificate of Service**

I LAURE DISARIO mailed or delivered a copy of the foregoing on 11/5/04 to the Immigration
    (Name)                                           (Date)
and Naturalization Service at JFK Bldg, Rm 400, Boston, MA 02203
                                   (Address)

X *Laure Disario*
Signature of Attorney or Representative

OMB#1125-0006

FORM EOIR-28
August 99

**(Note: Alien may be required to sign Acknowledgement and Consent on reverse side of this form.)**

I HEREBY ACKNOWLEDGE THAT THE ABOVE-NAMED ATTORNEY OR REPRESENTATIVE REPRESENTS ME IN THESE PROCEEDINGS AND I CONSENT TO DISCLOSURE TO HIM/HER OF ANY RECORDS PERTAINING TO ME WHICH APPEAR IN ANY EOIR SYSTEM OF RECORDS.

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
| Mohamed Bahraoui | | November 5, 2004 |

(NOTE: *The Privacy Act of 1974 requires that if the person being represented is or claims to be a citizen of the United States or an alien lawfully admitted for permanent residence, he/she must sign this form.*)

**APPEARANCES** - An appearance shall be filed on EOIR Form-28 by the attorney or representative appearing in each case before an Immigration Judge (see 8 C.F.R. § 3.17). When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature shall constitute a representation that, under the provisions of 8 C.F.R. Chapter 3, he/she is authorized and qualified to represent individuals. Thereafter, substitution or withdrawal may be permitted upon the approval of the Immigration Judge of a request by the attorney or representative of record. Please note that appearances for limited purposes are not permitted. A separate appearance (EOIR Form-27) must be filed with an appeal to the Board of Immigration Appeals (see 8 C.F.R. § 3.38(g)). Further proof of authority to act in a representative capacity may be required.

**AVAILABILITY OF RECORDS** - During the time a case is pending, a party to a proceeding or his/her attorney or representative shall be permitted to examine the Record of Proceeding in the Immigration Court having administrative control over the Record of Proceeding, in accordance with the standard procedures of that Court.

**REPRESENTATION** - A person entitled to representation may be represented by any of the following:

(1) Attorneys in the United States as defined in 8 C.F.R. § 1.1(f).

(2) Law students and law graduates not yet admitted to the bar as defined in 8 C.F.R. § 292.1(a)(2).

(3) Reputable individuals as defined in 8 C.F.R. § 292.1(a)(3).

(4) Accredited representatives as defined in 8 C.F.R. § 292.1(a)(4).

(5) Accredited officials as defined in 8 C.F.R. § 292.1(a)(5).

**THIS FORM MAY NOT BE USED TO REQUEST RECORDS UNDER THE FREEDOM OF INFORMATION ACT OR THE PRIVACY ACT. THE MANNER OF REQUESTING SUCH RECORDS IS CONTAINED IN 28 C.F.R. §§ 16.1-16.11 AND APPENDICES.**

Public reporting burden for the collection of information is estimated to average 6 minutes per response, including the time for reviewing the data needed, completing and reviewing the collection of information, and record-keeping. Send comments regarding this burden estimate or any other aspect of this information collection including suggestions for reviewing this burden to the Executive Office for Immigration Review, 5107 Leesburg Pike, Suite 2400, Falls Church, VA 22041.

Persons are not required to respond to this collection of information unless the form displays a currently valid OMB number.

Additional Information:

(Please attach additional sheets of paper as necessary.)

U S GPO: 2000-461-075/21800

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. **05** CR **1 0 0 1 4** W G Y |
|  | ) |  |
| v. | ) | **VIOLATIONS:** |
|  | ) |  |
| MOHAMED BAHRAOUI | ) | 18 U.S.C. § 1546(b)(3) -- |
|  | ) | **Fraud and Misuse of Visas,** |
|  | ) | **Permits and Other Documents** |
|  | ) | 18 U.S.C. § 1028(a)(4) -- |
|  | ) | **Possession of False** |
|  | ) | **Identification Document** |
|  | ) | 18 U.S.C. § 911 -- |
|  | ) | **False Representation as** |
|  | ) | **United States Citizen** |

## INDICTMENT

**COUNT ONE:**   **(18 U.S.C. § 1546(b)(3) -- Fraud and Misuse of Visas, Permits and Other Documents)**

The Grand Jury charges that:

On or about May 9, 2001, at Waltham, in the District of Massachusetts,

### MOHAMED BAHRAOUI,

defendant herein, for the purpose of satisfying a requirement of the employment verification system set forth in subsection 1324a(b) of Title 8 of the United States Code, used a false attestation on INS Form I-9, to wit, that he was a United States citizen, knowing that the said attestation was false, in that he was not a citizen or national of the United States.

All in violation of Title 18, United States Code, Section 1546(b)(3).

**<u>COUNT TWO:</u>** **(18 U.S.C. § 1028(a)(4) - Possession of False Identification Document)**

The Grand Jury further charges that:

On or about May 9, 2001, at Waltham, in the District of Massachusetts,

**MOHAMED BAHRAOUI,**

the defendant herein, did knowingly possess an identification document, other than one issued

lawfully for the use of the possessor, and a false identification document, to wit: a counterfeit

Social Security card, with intent such document be used to defraud the United States.

All in violation of Title 18, United States Code, Section 1028(a)(4).

**COUNT THREE:**    **(18 U.S.C. § 911, False Representation as United States Citizen)**

The Grand Jury further charges that:

On February 28, 2003, at Woburn, in the District of Massachusetts,

**MOHAMED BAHRAOUI,**

defendant herein, falsely and willfully represented himself to be a citizen of the United States.

All in violation of Title 18, United States Code, Section 911.

**A TRUE BILL**

_Irene Burke_
FOREPERSON OF GRAND JURY

_Kim West_

KIMBERLY P. WEST
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS, Boston, January 19, 2005

Returned into the District Court by the Grand Jurors and filed.

_Maria B Roland_
Deputy Clerk

12:27 P

**05 CR 10014 WGY**

🖉JS 45 (5/97) - (Revised USAO MA 3/25/02)

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

**Place of Offense:**          **Category No.** II          **Investigating Agency** FBI

**City**  various          **Related Case Information:**

**County**  Middlesex          Superseding Ind./ Inf. _____          Case No. _____
                              Same Defendant _____    New Defendant _____
                              Magistrate Judge Case Number _____
                              Search Warrant Case Number _____
                              R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name  Mohamed Bahraoui          Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address  21 Thornton Street, Apt. 1, Revere, MA

Birth date: 1971    SS#: ---- -- 3918    Sex: M    Race: Black/N. African    Nationality: Moroccan

**Defense Counsel if known:** _____          **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA**  Kim West          **Bar Number if applicable** _____

**Interpreter:**  ☐ Yes  ☒ No          **List language and/or dialect:** _____

**Matter to be SEALED:**  ☐ Yes  ☒ No

        ☒ Warrant Requested          ☐ Regular Process          ☐ In Custody

**Location Status:**

**Arrest Date:** _____

☒ Already in Federal Custody as  detained  in  INS custody  .
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____  on _____

**Charging Document:**  ☐ Complaint  ☐ Information  ☒ Indictment

**Total # of Counts:**  ☐ Petty _____  ☐ Misdemeanor _____  ☒ Felony  3

**Continue on Page 2 for Entry of U.S.C. Citations**

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:**  1/19/05          **Signature of AUSA:** _____

JS 45  (5/97) - (Revised USAO MA 3/25/02)  Page 2 of 2 or Reverse      **05 CR 1 0 0 1 4 W G Y**

**District Court Case Number  (To be filled in by deputy)** _____

**Name of Defendant**      Mohamed Bahraoui _____

### U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. § 1546(b)(3) | fraud and misuse of visas, permits | 1 |
| Set 2 | 18 U.S.C. § 1028(a)(4) | possession of false identification document | 2 |
| Set 3 | 18 U.S.C. § 911 | false representation as U.S. citizen | 3 |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set | | | |
| Set | | | |
| Set | | | |
| Set | | | |
| Set | | | |
| Set | | | |

**ADDITIONAL**

05cr10014WGY

**District Court Case Number**  (To be filled in by deputy

**Name of Defendant**    Mohamed Bahraoui

JS45.Bahraoui.wpd – 3/13/02